WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Najib A Hodge,

        Plaintiff,

v.

NAPA Genuine Auto Parts,

        Defendant.

No. CV-26-03101-PHX-JAT

**ORDER**

For the reasons stated in this Court's orders at Docs. 35 and 45, Plaintiff was given leave to file a second amended complaint. On July 16, 2026, Plaintiff filed a second amended complaint.

Default was entered against Defendant NAPA Genuine Auto Parts ("NAPA") on December 29, 2025. Typically, when a party is in default, they do not have to be served. Fed. R. Civ. P 5(a)(2) ("No service is required on a party who is in default for failing to appear"). "But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." *Id*. Because the second amended complaint asserts a new claim for relief, it must be served on NAPA even though NAPA is in default.

To initiate a case, Rule 4 requires service of the summons and complaint by the means listed in Rule 4. However, service of all filings after initial Rule 4 service can be made by "sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing—in either of which events service is complete upon filing or sending…." Fed. R. Civ. P 5(b)(2)(E).

Here, after default was entered, counsel entered an appearance for NAPA. (Doc. 36). Counsel received, through the Court's electronic filing system, the second amended complaint. Therefore, the Court deems NAPA to have been served with the second amended complaint.

Based on the foregoing,

**IT IS ORDERED** that the entry of default (Doc. 25) is vacated because default was not entered on the operative complaint (Doc. 46).[1]

**IT IS FURTHER ORDERED** that NAPA shall answer or otherwise respond to the second amended complaint (Doc. 46) by July 30, 2026.[2]

Dated this 17th day of July, 2026.

_____
James A. Teilborg
Senior United States District Judge

---

[1] *See Viznai v. United Homes of N.Y., Inc.,* No. 07 Civ. 4173(ERK)(SMG), 2009 WL 931178, at *2, 2 n. 1 (E.D.N.Y. Apr. 3, 2009) (noting that "the filing of an amended complaint would render the defaults of the [defendants] a nullity" and admonishing plaintiffs that "[i]f plaintiffs file an amended complaint ... plaintiffs must seek new default judgments against [defendants] if they again fail to appear").

[2] If NAPA fails to answer or otherwise respond to the second amended complaint by this deadline, Plaintiff may again move for entry of default.