**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Najib A Hodge,<br>Plaintiff,<br>v.<br>NAPA Genuine Auto Parts,<br>Defendant. | No. CV-26-03101-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Napa Genuine Auto Parts/Genuine Parts Company's ("GPC") Motion to Dismiss. (Doc. 48). The matter is fully briefed and the Court now rules.

**I. BACKGROUND**

This case arises from an incident in which Plaintiff Najib Hodge was performing a DoorDash delivery assignment at GPC. (Doc. 46 at 2). Plaintiff, an African American man, arrived at GPC to complete the delivery, when an employee told Plaintiff that he "look[s] like what comes out of [the employee] in the toilet." (*Id.*) Plaintiff asked if the remark was directed at him, to which the employee replied, "No, that comment was made against you." (*Id.*) After Plaintiff tried to report the incident to GPC's management, the DoorDash delivery assignment was reassigned and Plaintiff was unable to complete the delivery, causing him to lose compensation associated with that assignment. (*Id.*)

Plaintiff filed a complaint on June 27, 2025, against GPC and DoorDash (Doc. 2) and subsequently filed an amended complaint in September 2025 (Doc. 12). In the

amended complaint, Plaintiff listed four counts against GPC. Count 1 alleged a 42 U.S.C. § 2000a and A.R.S. § 41-1442 "Public Accommodation Discrimination" claim. (*Id.* at 8). Count 2 alleged a "Negligent Supervision and Retention" claim in violation of "Arizona common law." (*Id.*) Count 3 alleged a "Title II, § 1981, and EEOC Enforcement Guidance" claim for "Witness Retaliation." (*Id.*) Count 4 alleged a claim for "Spoilation of Evidence" in violation of Federal Rule of Civil Procedure 37(e) and Arizona law. (*Id.*) The Court dismissed Counts 3 and 4. (Doc. 16 at 3-4).

Plaintiff later applied for entry of default against GPC (Doc. 24) and moved for default judgment against GPC, seeking damages in the amount of $16,383,350.00 (Doc. 26 at 7). Simultaneously, DoorDash moved to compel arbitration and stay the case. (Doc. 27). The Court then denied Plaintiff's motion for default judgment (Doc. 28) and granted DoorDash's motion to compel arbitration and stay proceedings (Doc. 31). The Court also severed Plaintiff's claims against GPC and DoorDash, and the Clerk of the Court assigned a new case number for Plaintiff's claims against GPC. (Doc. 1).

Plaintiff then filed his second amended complaint ("SAC") on July 16, 2026, claiming GPC violated 42 U.S.C. § 1981 because the employee's comment denied Plaintiff the same opportunity to perform and complete the assignment as similarly situated non-minority delivery contractors. (Doc. 46 at 2-3). And on July 30, 2026, GPC filed a motion to dismiss (Doc. 48), to which Plaintiff responded (Doc. 56).

## II. DISCUSSION

GPC moved to dismiss Plaintiff's SAC for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).[1] (Doc. 48 at 1).

### A. Exhibit Attached to Plaintiff's Response

Plaintiff attached a 6-page exhibit to his response to GPC's motion to dismiss. (Doc. 56-1 at 1-6). In considering a 12(b)(6) motion to dismiss, courts ordinarily may not

[1] GPC failed to comply with LRCiv 12.1(c), which requires "the moving party [to] include[] a certification that, before filing the motion, the movant notified the opposing party of the issues asserted in the motion and the parties were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party." Failure to include this certification again will result in the motion being "stricken summarily." LRCiv. 12.1(c).

consider evidence outside the pleadings without converting the motion into a Rule 56 motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.*

None of the documents in Plaintiff's attached exhibit were attached to the complaint, incorporated by reference in the complaint, or are matters of judicial notice. Instead, page one of the exhibit states its purpose is to "authenticate[] the contemporaneous DoorDash transaction records . . . and provide[] a source-controlled translation of the technical terminology appearing in those records." (Doc. 56-1 at 1). Given the general rule against considering evidence outside the pleadings on a Rule 12(b)(6) motion, the Court will not consider this exhibit. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) ("In ruling on a 12(b)(6) motion, a court may generally consider only . . . exhibits attached to the complaint . . . .").

**B. Federal Rule of Civil Procedure 12(b)(6) Legal Standard**

"[T]o survive a motion to dismiss [under Rule 12(b)(6)], a party must allege sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144 (9th Cir. 2013) (citation modified). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint will be dismissed for failure to state a claim if it lacks either "a cognizable legal theory or . . . sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

"All well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the court need not accept legal conclusions couched as factual allegations, and "[t]hreadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Moreover, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation modified); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (instructing that courts should "construe *pro se* filings liberally . . . , particularly in civil rights cases") (citation modified).

**C. Analysis**

Section 1981(a) "guarantees 'all persons' the right to 'make and enforce contracts.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008) (citing 42 U.S.C. § 1981(a)). "[T]he term 'make and enforce contracts' includes the making, **performance**, modification, and termination of contracts . . . ." 42 U.S.C. § 1981(b) (emphasis added). "[A] plaintiff must initially plead and ultimately prove, that but for race, it would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 589 U.S. 327, 341 (2020). In addition, Plaintiff must allege facts to show "(1) the plaintiff is a member of a racial minority; (2) a defendant intended to discriminate against plaintiff based on plaintiff's race; and (3) the alleged discrimination concerned one or more of the activities enumerated in the statute." *Hess v. Arizona*, No. CV-24-00247-TUC-SHR, 2024 WL 5237656, at *7 (D. Ariz. Dec. 27, 2024) (collecting cases).

GPC contends Plaintiff has no § 1981 claim because he alleged no contractual relationship between himself and GPC. (Doc. 48 at 1). In support, GPC argues that under *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 470 (2006), "a § 1981 claim can only be brought by an individual who is himself in a contractual relationship with the defendant." (*Id.* at 2). Plaintiff argues he satisfied the requirements under *Domino's Pizza* to show he had a "contractual relationship and [he] allege[d] impairment of rights arising under that relationship." (Doc. 56 at 4).

*Domino's Pizza*, held that "[a]ny claim brought under § 1981, therefore, must

initially identify an impaired "contractual relationship, § 1981(b), under which the plaintiff has rights." *Domino's Pizza*, 546 U.S. at 476. It did not hold that a plaintiff must be in privity of contract with the defendant to bring a § 1981 claim. *See Imagineering, Inc. v. Kiewit Pac. Co.*, 976 F.2d 1303, 1313 (9th Cir. 1992) (noting that "courts have not imposed a privity of contract type requirement that would otherwise protect third parties from section 1981 liability"), *abrogated on other grounds by Newcal Indus., Inc. v. Ikon Office Sol.*, 513 F.3d 1038, 1055 (9th Cir. 2008); *see also Woods v. Graphic Commc'ns*, 925 F.2d 1195, 1202–03 (9th Cir. 1991) (holding a union may violate § 1981 "if by racial discrimination it interferes with its members' ability to enforce their contract"). And Plaintiff correctly argues that he possessed contractual rights with DoorDash. (Doc. 56 at 8).

Thus, the Court concludes that for Plaintiff to state a claim under a "performance" theory of § 1981, it is legally sufficient for Plaintiff to allege that GPC interfered with Plaintiff's contract with DoorDash, a third party. *See Barrow v. Dayton Living Word*, No. 3:15-cv-341, 2016 WL 5080416, at *7–8 (S.D. Ohio Sept. 16, 2016) (noting that several Circuits, including the Ninth Circuit Court of Appeals, recognize a tortious interference theory of § 1981 liability). As a result, the Court will deny the motion to dismiss on GPC's argument that privity is required between Plaintiff and GPC to state a claim.

Nevertheless, the Court must still determine whether Plaintiff alleged sufficient facts to state his § 1981 claim. First, Plaintiff, an African American man, is a member of a racial minority. (Doc. 46 at 1). Second, Plaintiff alleged GPC's employee told him that he "look[s] like what comes out of [the employee] in the restroom," and the employee clarified the "comment was made against [Plaintiff]." (*Id.* at 2). Thus, construing all inferences in Plaintiff's favor, Plaintiff sufficiently alleged the employee intended to discriminate against him based on his race.

However, Plaintiff fails to allege the "discrimination concerned one or more of the activities enumerated in the statute." *Hess*, 2024 WL 5237656, at *7. Plaintiff merely alleges that "Defendant's conduct interfered with [his] ability to complete the commercial

transaction and to perform [his] contractual obligations under the DoorDash agreement." (Doc. 46 at 2). He further states that "Defendant's conduct impaired [his] ability to make and enforce contracts." (*Id.*). Plaintiff fails to explain how the employee's comment prevented him from picking up the auto parts and performing the delivery under his contract with DoorDash. These allegations are nothing more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Although Plaintiff's *pro se* SAC is "held to less stringent standards than formal pleadings drafted by lawyers," Plaintiff cannot merely restate the language of the statute without explaining how the allegedly racially discriminatory comment impaired his performance of the contract. *Erickson*, 551 U.S. at 94 (citation modified). Accordingly, the Court finds that Plaintiff failed to state a claim under § 1981, and the SAC will be dismissed.

**D. Leave to Amend**

"Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (citation modified). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). But "[i]t is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).

Because the SAC contains threadbare recitals of the elements of a claim under § 1981, it is possible that Plaintiff could remedy the deficiencies by including a clearer and more detailed narrative account of the events and facts which he believes explain why the allegedly racially discriminatory remark interfered with his performance of his contract with DoorDash. The Court will therefore grant Plaintiff leave to file a third amended complaint within 14 days of the date of this order. Plaintiff is cautioned that an amended complaint completely supersedes all prior complaints, including exhibits, with all prior complaints being treated as non-existed after an amendment. *Ramirez v. Cnty. of San*

*Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that GPC's motion to dismiss (Doc. 48) is **granted**. The second amended complaint is dismissed (Doc. 46).

**IT IS FURTHER ORDERED granting** Plaintiff leave to amend. Within 14 days of the issuance of this Order, Plaintiff may file a third amended complaint. The changes shall be limited to addressing the deficiencies identified above. Plaintiff shall, consistent with LRCiv 15.1, attach, as an exhibit, a redlined version of the pleading showing any changes made from the SAC filed at Doc. 46.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly and terminate this action if Plaintiff does not file a third amended complaint within 14 days of the issuance of this Order.

**IT IS FINALLY ORDERED** that Plaintiff's motion to file a third amended complaint (Doc. 57) and the motion for clarification are **denied as moot** (Doc. 58).

Dated this 17th day of September, 2026.

James A. Teilborg
Senior United States District Judge